L. J. WILSON V. THE STATE.

No. 23037. Delivered January 17, 1945.

62

The opinion states the case.

*Gib Callaway,* of Brownwood, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted in the county court of Comanche County of an aggravated assault by negligently driving an automobile upon a public highway so as to collide with and cause

injury to the person of Mrs. Arline Westfall, such offense being alleged to have taken place on January 1, 1944. The judgment of the court, following the jury verdict, assessed a fine of $250.00.

There is no question made in the facts other than that appellant, driving west, approached Mrs. Westfall, driving east, on the highway, when appellant's car suddenly swerved in front of the Westfall car, causing it to strike his car about the front door, and seriously injuring Mrs. Westfall, as well as the appellant.

Appellant's contention was that while driving down the highway, and when near Mrs. Westfall's car, something gave way in his steering gear and his car turned directly in front of the Westfall car, and the lady struck appellant's car on its side, seriously injuring both of them. In line with such statement, appellant presented to the court a special charge relative to such matter, and grouping therein appellant's version of the accident. The court gave such charge to the jury, and although we are of the opinion that same was on the weight of the evidence, appellant is not complaining thereof, nor do we think he can thus complain. We do think, however, that a charge on an unavoidable accident was called for by the testimony of appellant.

We express the opinion that a peremptory instruction to find appellant not guilty was not called for by the evidence herein. The testimony of Lon Westfall relative to appellant turning out of the north side of the road as though to pass a car in front of him, just prior to the collision, could be utilized by the jury to show a reason for this collision, other than a faulty steering apparatus, as well as other matters shown in the evidence.

During the progress of the trial, over appellant's objections, the State was permitted to show that appellant was engaged in the transportation of soldiers from Brownwood to Fort Worth, and that he only possessed an "A" card authorizing the purchase of gasoline. The number of trips thus made were shown, the mileage traveled, and the time dates wherein such trips were made, the result leaving the inference that a gasoline allowance under an "A" card was insufficient to have allowed such mileage, and therefore that appellant was a patron of the black market on gasoline. This matter comes before us under four bills of exceptions, and we think each evidences error.

While a witness as to one's peaceable and law-abiding characteristics may be questioned relative to whether or no he had heard of some unlawful act upon the part of an accused, in order to test the extent of his knowledge of such matters, such question must have some ground of verity and be asked in good faith, but this rule has never been enlarged upon to permit of the proof of some other such dereliction, except under certain rules as to the admission of extraneous crimes. It was error to question appellant relative to such matters; it was also error for the statement to be made in the presence of the jury that they were entitled to take into consideration the fact that appellant was using black market gas at the time of this collision, and such argument should have been withdrawn from the jury as requested by appellant's attorney in bill No. 3.

Bill of exceptions No. 1 we think reflects no error.

Bill of exceptions No. 2 relating to a statement made by appellant a few minutes after the accident, while standing near the wrecked cars, seems to us to be a part of the res gestae, although same may be self-serving; nevertheless the res gestae rule would prevail, and same should have been admitted. Branch's P. C., p. 58, Sec. 90.

On account of the admission of the matters relating to appellant using black market gasoline, the judgment is reversed and the cause remanded.