Calvin L. DIXON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37099.

Court of Criminal Appeals of Texas.

Nov. 18, 1964.

DeWitt O. Dunaway, Dallas, for appellant.

Henry Wade, Dist. Atty., Eddie Davis, Steve Guittard, Ross Teeter and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for robbery; the punishment, thirty-five years.

The evidence includes a written statement signed by the appellant, which the state introduced in evidence before the jury. The statement is incriminating and connects the appellant with the commission of the offense of robbery charged against him and for which he was herein convicted.

An issue as to the voluntary nature of the written statement was raised by the evidence. Such issue was submitted by the court in its charge to the jury without the trial court having resolved the issue of whether the written statement was voluntarily made. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, requires that the judgment be reversed and remanded for a trial at which the issue as to the voluntariness of the confession may be resolved. See Lopez v. State, Tex.Cr.App., 384 S.W.2d 345, and Harris v. State, Tex. Cr.App., 384 S.W.2d 349, decided November 11, 1964.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.