Steve **ESCALANTE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 37877.

Court of Criminal Appeals of Texas.

June 2, 1965.

Whitlow & Cole, by Emmett Cole, Jr., Victoria, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary; the punishment, enhanced under Art. 62 P.C., 12 years.

The indictment alleged that appellant burglarized a house occupied and controlled by Maximo Olivarez on or about July 8, 1963. A prior conviction on June 21, 1960, in the same court, for burglary was alleged for enhancement purposes.

The state's evidence, including the testimony of Maximo Olivarez, two of appellant's companions who remained in the car, and the confession of the appellant, established that appellant and two of his several companions broke into Olivarez's place of business and stole 5 or 6 cases of beer. The prior conviction was proved by the records and by witnesses who were present at the trial in 1960.

Appellant's first and principal ground for reversal relates to the admission in evidence of his confession, the contention being that the prosecution was permitted to introduce it without the court having first conducted a separate hearing to determine whether or not the statement was voluntary.

The record reveals that at the beginning of the trial appellant's counsel moved that the state be instructed not to offer any statement or confession into evidence nor to exhibit it before the jury until counsel had a chance to examine it and make certain inquiry as to whether or not it was properly taken.

The trial court ruled that counsel for the state would be allowed to lay a predicate for the introduction of the statement in evidence and "when he gets to that point then we will refer the matter to you, and then the court, if you make an objection *or anything else,* the court will hear them

either within or outside the ——— jury, and I will leave it up to the defendant as to whether or not the jury should be excluded."

Pursuant to this ruling of the court, Deputy Sheriff Jimmie Kubecka was permitted to testify that he took a statement from appellant after first warning him that he did not have to make any statement at all, and that any statement that he made could be used in evidence against him, and appellant then freely and voluntarily made a statement to him which he took down in writing and appellant signed it in his presence. The witness then identified the instrument marked Exhibit A as the statement he took from appellant, and appellant's signature thereto.

At his request appellant's counsel was then permitted to take the witness Kubecka on voir dire and he proceeded to do so in the presence of the jury. He elicited from the witness testimony to the effect that he had known appellant for some time; knew his parents and his brother when he saw them; that he arrested appellant on September 18, 1963, brought him to jail and asked him to make a statement and sign it. That he did not tell appellant that he would do what he could to help him if he would make a statement; did not tell appellant it would go lighter on him if he would make a statement; did not tell appellant's mother and sister, who were at the jail, that if appellant would make a statement he might be able to help him out, and did not tell them it would go easier on appellant if he made a statement. Also that Chester Powell was present; that there were officers in and out of the office all morning; that he was not the only one talking to appellant, and that he typed the statement there in the jail.

Following this examination of the witness in the jury's presence, appellant's counsel objected to the admission of the statement "as a whole on the ground that under the circumstances it was not a voluntary statement. He was being held

in jail and it was given in the presence of these police officers, and we will offer some more evidence on that."

The objection was overruled, as was a further objection to a portion of the confession on another ground.

The witness Kubecka then testified further on direct examination that the statement was taken in the office part of the Sheriff's Department; that appellant was given the opportunity to read it over before he signed it and he read and signed it and that he truthfully and correctly put the information in the statement as it was given to him by appellant. The statement was admitted in evidence over the objection previously made.

After the confession was admitted before the jury, other evidence was offered and the issue as to the voluntariness of the confession raised by said testimony was submitted to the jury.

As we view the record, it shows:

(1) Appellant was afforded opportunity for a fair and reliable hearing before the court as to the voluntariness of the confession.

(2) He was given the option of having the hearing in the absence of the jury or in the jury's presence.

(3) Evidence was heard by the court in the presence of the jury relating to the voluntariness and admissibility of the statement of the appellant. All of such evidence was to the effect that the statement was voluntarily made.

(4) No evidence was introduced prior to the admission of the confession to the jury to the effect that the statement was not freely and voluntarily made.

(5) After the confession was admitted in evidence to the jury, evidence was offered which raised an issue of fact as to whether or not appellant was induced to make the statement by promise of help.

(6) The issues raised by the evidence were submitted to the jury with instructions to draw no inference or conclusion from the confession and to acquit if the jury believed or had reasonable doubt that it was not voluntarily made or was induced by promise of help.

We overrule the contention that Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, or Lopez v. State, Tex.Cr. App., 384 S.W.2d 345, supports appellant's claim of error.

If there be any question (and we see none) as to whether the trial judge "made a clear cut determination of the voluntariness of the confession including the resolution of disputed facts upon which the voluntariness issue may depend," all doubt is removed by the finding of the trial judge at the trial, reduced to writing and forwarded to this Court in a supplemental transcript.

Appellant challenges our consideration of such supplemental transcript and the court's certification as not being a part of the record on appeal, but prepared and signed long after the time for filing the statement of facts and bills of exception had expired.

Similar certifications by the trial judge are before us in other appeals.

■■ After much deliberation, we have concluded that in view of recent decisions of the Supreme Court of the United States, such as Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, the belatedly entered findings of the trial judge certified while the appeal is pending should be considered where a federal claim is asserted.

Appellant's second ground for reversal relates to the court's action in excusing members of the jury panel who furnished no reasonable excuse supported by oath.

■ In the absence of any claim or showing that appellant exhausted his peremptory challenges or was required to accept a juror who was objectionable to him, no reversible error is shown. Rogers v. State, 163 Tex.Cr.R. 260, 289 S.W.2d 923.

Appellant's third claim of error relates to various remarks of the district attorney in his argument to the jury.

We note that the formal bills of exception complaining of argument were qualified and the matters of fact therein were certified only insofar as they are borne out by the record.

The argument of the district attorney in the record referred to appears only in the statement of facts relating to the hearing of the motion for new trial.

Art. 759a, Sec. 6, Vernon's Ann.C.C.P., requires that the statement of facts relating to any motion be separately filed.

We have examined the record, however, and in view of the evidence and of the fact that the jury was not called upon to assess the punishment, no reversible error is shown by the complained of remarks.

Appellant's remaining complaint is that the district attorney inferred that appellant had been handled by the sheriff's department on numerous occasions and thereby violated appellant's rights.

■ This complaint relates to a number of statements and acts of the witness, none of which standing alone is claimed to constitute reversible error. We do not agree with appellant's contention that collectively the testimony and evidence shows an obvious attempt to give the jury the impression that appellant had been guilty of crimes other than those properly in evidence.

■ The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.