**Floyd Allen TREADWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41868.**

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

Gene Barrington, Silsbee, for appellant.

R. A. Richardson, Dist. Atty., Kountze, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for rape; the punishment, seven years.

The appellant urges the following grounds of error for reversal:

"It was and is error for the trial court to admit the alleged confession of defendant before the jury without said trial court first deciding in a separate hearing the court's findings of disputed facts regarding whether or not said alleged confession of defendant was voluntarily given by defendant.

"It was and is error for the trial court to admit the alleged confession of defendant before the jury when the undisputed facts adduced upon separate hearing before the court as to the admissibility of said alleged confession established that an attorney had requested to see defendant and was refused the opportunity to see and counsel defendant prior to the alleged confession having been obtained from defendant."

The record reveals affirmative evidence in support of the grounds of error urged by the appellant. It also contains evidence which the state contends supports implied findings that the written statement was voluntarily made.

When the evidence was closed on the separate hearing on the involuntariness of the written statement in the absence of the jury, the court and counsel for both the appellant and the state had an extended discussion on whether the court should make any findings and conclusions on the primary determination of voluntariness.

In the discussions covering ten pages in the transcript at the close of the evidence, the court consistently stated in effect that he believed that the "Rules" required him to hold the written statement inadmissible as a matter of law or that there was a disputed issue of fact to be resolved

by the jury; that "I can't tell who is telling the truth; it's not my province to do that; I only hold admissible or inadmissible as a question of law."; that it was a disputed issue of fact whether he was deprived of counsel before making the written statement, and whether the statement was voluntarily made, and that such issues should be submitted to the jury (which he did in the court's main charge).

The appellant urged the court to make findings and conclusions on the voluntariness of the written statement, and whether the appellant was denied his right to counsel. He also requested the court to make such findings in accordance with the procedure suggested in the cases of Jackson v. Denno, Lopez and Harris, which were referred to and discussed.

At this time the court adjourned until the following morning. When court reconvened, the judge inquired if there was anything further and appellant's counsel replied as follows:

"Mr. Barrington: * * * As I understand those cases we have been discussing, Lopez v. State, Harris v. State, and Jackson v. Denon [Denno], and that is this, that I request that the Court make a finding of fact as to each and every one of the issues that have been raised in this separate hearing pertaining to the volunteerness of the confession, and pertaining to whether or not the defendant was denied the right to consult with an attorney prior to his making the confession, and that request for a findng of fact * * * of the controverted or disputed issues of fact pertaining to the volunteerness and pertaining to the defendant's right to counsel in this case, and that is in essence my Motion to the Court at this time which I feel it's my duty to make in light of those cases that we have mentioned.

"The Court: You want me to do it or deny it?

"Mr. Barrington: Yes, sir.

"The Court: It's denied.

"Mr. Barrington: In that regard, let the record show the defense counsel excepts to the Court's ruling in refusing to make a specific record of the Court's findings of fact in regard to the disputed issues raised, * * *. That's my exception."

It is concluded that an issue of fact was raised by the evidence introduced in the absence of the jury on the voluntariness of the written statement made by the appellant which was later admitted in evidence before the jury and relied upon by the state to obtain a conviction.

It is evident from the record that the trial court, at the close of the separate hearing, refused to resolve the issue of whether the written statement was voluntarily made as required. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. In Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593, the court said:

"A constitutional rule was laid down in that case (Jackson v. Denno) that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given. The rule allows the jury, if it so chooses, to give absolutely no weight to the confession in determining the guilt or innocence of the defendant but it is not for the jury to make the primary determination of voluntariness. Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity."

See Dixon v. State, Tex.Cr.App., 383 S.W.2d 928; Lopez v. State, Tex.Cr.App., 384 S.W.2d 345; Harris v. State, Tex.Cr. App., 384 S.W.2d 349; McIlwain v. State, Tex.Cr.App., 402 S.W.2d 916.

The record reflects that the trial commenced November 12, 1965, prior to the effective date of the 1965 Code of Criminal

Procedure (January 1, 1966) which contains Art. 38.22, requiring such a hearing.

For the reasons pointed out, the judgment is reversed and the cause is remanded.

DOUGLAS, J., not participating.