**W. T. DUNLAP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43407.**

Court of Criminal Appeals of Texas.

Feb. 3, 1971.

Aultman & Riley, by Ronald Aultman, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Rufus Adcock and Ronald W. Quillin, Asst. Dist. Attys., Forth Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The appeal is from a conviction of W. T. Dunlap for assault with intent to murder his wife, Billie Dunlap. The punishment was assessed by the jury at ten years.

The sufficiency of the evidence is not challenged. The record reflects that on Christmas Day in 1968, the appellant shot his wife in the leg and in the hand with a pistol while she was at the home of Betty Constant, her twin sister. At approximately the same time, he shot and killed Betty Constant. The appellant and his wife were separated. She had filed suit for divorce. An attempted reconciliation failed. On the day of the homicide appellant armed himself with the pistol and went to his sister-in-law's home where he threatened to kill his wife several times. When he pulled the gun, the two women tried to prevent the shooting, but could not. One shot hit Betty Constant in the chest and killed her. Two shots hit his wife. He was attempting to shoot her again when the gun jammed.

In the first ground of error appellant complains that the trial court erred in refusing to permit him to impeach the State's witness Billie Dunlap by showing that she had previously fought with police and had been arrested for drunkenness.

On cross-examination, when asked if she had a drinking problem, or if she drank more than a normal person, she stated, "No, sir, I don't think so, no." In answer to another question by appellant's counsel, she stated that she did not fight when she was drinking and had not fought policemen when she was drinking.

Appellant later offered evidence that she had been arrested when she was drunk and fought the officers. The court sustained the State's objection to the proffered testimony. Appellant, in his brief and in oral argument, contends that this testimony should have been admitted to show that the

witness committed perjury and that she was a person of violent temper when she was drinking.

This matter was collateral to any issue in the case. The fact that the witness might have been drunk and fought police officers on a separate unrelated occasion could not have been proved by the appellant to establish his defense. There was no proof or intimation in the record that the witness Billie Dunlap was drinking at the time of the alleged assault. The correct rule is found in 1 Branch's Ann.P.C. 2d, Section 200, page 221, and is as follows:

"When a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question. * * *"

In Caples v. State, 69 Tex.Cr.R. 394, 155 S.W. 267, it was held that unless testimony had been introduced to show that a witness was drunk at the time of the occurrence or transaction, it cannot be shown that he became crazy when drunk.

Gatson v. State, Tex.Cr.App., 387 S.W. 2d 65, held that a witness could not be impeached by showing that he lied when he testified that he was not on welfare.

Ground of error number one is overruled.

■ In his second ground of error complaint is made that the court erred in admitting appellant's written confession, because he was not taken before a magistrate and warned under the provisions of Article 38.22, Vernon's Ann.C.C.P. The Legislature amended Article 38.22 by Acts 1967, 60th Leg., Chapter 659, Section 23, page 1740, effective August 28, 1967. As amended, the Article no longer contains a requirement that one be taken before a magistrate and warned of his rights if he has been warned by the person who takes the confession. A warning by either is sufficient under the statute.

The record shows a sufficient warning by the officer who took the confession.

There was a finding by the trial court that the warning was given and that the confession was voluntary.

■ It is also contended that the confession was inadmissible because the officer taking the confession did not include everything that appellant said to him. The officer testified that he put everything in the confession that appellant told him concerning the charge of assault to murder his wife but left out that part about their previous marital difficulties.

The failure to include such statements in the confession did not render it inadmissible.

The second ground of error is overruled.

In the third and seventh grounds of error, appellant contends that reversible error was committed when the court overruled his objections to testimony offered by the State to show the killing of Betty Constant.

■ We hold that all of the facts and circumstances surrounding the commission of the offense on the occasion in question are admissible before the jury on the question of guilt and may be considered in determining the punishment to be assessed. Taylor v. State, Tex.Cr.App., 420 S.W.2d 601. See 4 Branch's Ann.P.C.2d, Section 1962, p. 289. In Cook v. State, Tex.Cr. App., 398 S.W.2d 284, this Court held that it is permissible for the State to show that a defendant shot other persons immediately before or after he shot the deceased. See also Article 1257a, Vernon's Ann.P.C.

The third and seventh grounds of error are overruled.

Complaint is made in the fourth ground of error that the court did not submit the issue of the voluntariness of the confession to the jury.

■ No evidence on the voluntariness was heard by the jury. The court did not err in refusing to submit such an issue.

**594**

Yeagin v. State, Tex.Cr.App., 400 S.W.2d 914.

 In the fifth ground of error, appellant complains that reversible error was committed when the court admitted evidence that appellant had choked Billie Dunlap on two occasions and permitted the State to ask appellant if he had ever pulled a pistol on the injured party before.

There is no difference in the rules of evidence concerning the previous relationship between the parties in a murder or an assault to murder case.

Article 1257a, V.A.P.C., provides for the admission of testimony as to all relevant facts and circumstances surrounding a killing and the previous relationship existing between the accused and the deceased.

The evidence was admissible. No error is shown.

In the sixth ground of error, it is contended that reversible error was committed when the court admitted into evidence an oral statement made by appellant to Officer McGowan who arrived at the scene of the homicide.

When Officer McGowan was asked, "When you went up there, what did the defendant say to you?", he answered, "The very first statement that he made, as I was there at the back of that tricycle * * *. I am the man that done the shooting and its been building up for a long time."

Appellant urges that this testimony was inadmissible because the officer did not give him the Miranda warning during custodial interrogation of his rights to remain silent and to have counsel.

It appears that the officer arrived a short time after receiving a radio call and did not know the appellant and did not know who did the shooting. After appellant made the statement, he was arrested and no other oral statement was mentioned.

The trial court did not err in holding that the oral statement made to the officer was res gestae and admissible. The testimony was admissible under the verbal acts doctrine. Ramos v. State, Tex.Cr.App., 419 S.W.2d 359. Even if an arrest had been made, the statement was also admissible as a part of the res gestae of the arrest. Article 38.22, Section 1(f), V.A.C.C.P.; Moore v. State, Tex.Cr.App., 440 S.W.2d 643. See Hoover v. State, Tex.Cr.App., 449 S.W.2d 60.

The record contains no reversible error. The judgment is affirmed.