**Zackary E. DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45911.**

Court of Criminal Appeals of Texas.

May 23, 1973.

On Motion for Rehearing Sept. 25, 1973.

Rehearing Denied Oct. 17, 1973.

James A. Bannerot, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, and Stephen H. Capelle, Asst. Dist. Attys., Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a robbery by assault conviction where the punishment was assessed at fifty years.

The victim of the alleged robbery was unable to make a positive identification of the appellant as one of his two assailants, and the conviction rests largely upon appellant's extrajudicial confession which he contends was not taken in accordance with Article 38.22, Vernon's Ann.C.C.P.

Before reaching appellant's contention, we observe that we are unable to find that the trial judge determined the voluntariness of the alleged confession prior to its admission into evidence before the jury which is both constitutionally and statutorily required. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Lopez v. State, 384 S.W.2d 345 (Tex.Cr. App.1964); Article 38.22, supra.

Prior to trial the trial judge did conduct a hearing on appellant's motion to suppress his confession. After the State's evidence as to the confession was offered, the appellant took the stand and contended he was not properly warned and that he gave the statement because one officer had told him shortly after his arrest in Cameron that he (the officer) knew some cornfields and wouldn't hesitate to stop if the appellant didn't cooperate; that he was later told by the officers that if he didn't get his business straight he would be a good farmer before he got out of the penitentiary, etc.

At the conclusion of the hearing, the trial judge stated: "Motion will be overruled. That is all."

At the trial, over objection, the written confession was introduced before the jury. The issue of voluntariness was submitted to the jury.

There are no findings of the trial judge in the record. It is not clear if the trial judge decided voluntariness one way or the other, or, if he did, what standard was relied upon. Cf. Boles v. Stevenson, 379 U. S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964). There does not appear to be any clear-cut and reliable determination in the first instance of the voluntariness of the written statement.

In Jackson v. Denno, supra, the United States Supreme Court wrote:

"It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and even though there is ample evidence aside from the confession to support the conviction. Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Stroble v. California, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872; Payne v. Arkansas, 356 U.S. 560, 78 S. Ct. 844, 2 L.Ed.2d 975. Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determina-

tion on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. Rogers v. Richmond, supra."

As a constitutional matter, Jackson v. Denno, supra, requires that the trial judge's conclusion as to voluntariness must, at least, appear from the record with unmistakable clarity. Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).

In Sims v. Georgia, supra, the Court said:

"A constitutional rule was laid down in that case (Jackson v. Denno) that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given. The rule allows the jury, if it so chooses, to give absolutely no weight to the confession in determining the guilt or innocence of the defendant *but it is not for the jury to make the primary determination of voluntariness.* . . ." (Emphasis supplied.)

See also Treadway v. State, 437 S.W.2d 572 (Tex.Cr.App.1969); Dixon v. State, 383 S.W.2d 928 (Tex.Cr.App.1964); Harris v. State, 384 S.W.2d 349 (Tex.Cr.App. 1964); McIlwain v. State, 402 S.W.2d 916 (Tex.Cr.App.1966); Lopez v. State, supra.

Further, Article 38.22 § 2, Vernon's Ann.C.C.P., provides as follows:

"2. In all cases where a question is raised as to the voluntariness of a confession or statement, the court must make an independent finding in the absence of the jury as to whether the confession or statement was made under voluntary conditions. If the confession or statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its findings, which order shall be filed among the papers of the cause.

Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner. Upon the finding by the judge as a matter of law and fact that the confession or statement was voluntarily made, evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the confession or statement was voluntarily made, the jury shall not consider such statement or confession for any purpose nor any evidence obtained as a result thereof. In any case where a motion to suppress the statement or confession has been filed and evidence has been submitted to the court on this issue, the court within its discretion may reconsider such evidence in his finding that the statement or confession was voluntarily made and the same evidence submitted to the court at the hearing on the motion to suppress shall be made a part of the record the same as if it were being presented at the time of trial. However, the state or the defendant shall be entitled to present any new evidence on the issue of the voluntariness of the statement or confession prior to the court's final ruling and order stating its findings."

It is clear from the statute that the trial court "must enter an order stating its findings, which order shall be filed among the papers of the cause."

From all of the foregoing, this record reveals a failure to comply with both constitutional and statutory requirements. See Figueroa v. State, 473 S.W.2d 202 (Tex. Cr.App.1971).

The dissent in urging the appeal be abated relies in part upon Escalante v. State, 394 S.W.2d 518 (Tex.Cr.App.1965). *Escalante* was decided prior to the enactment of Article 38.22, supra, and did not involve an abatement of an appeal. There, the trial judge forwarded in a supplemental transcript his findings as to the voluntariness of the confession.

If we are to abate every appeal where the trial court does not comply either with federal constitutional requirements or the provisions of a state statute, then why should trial judges ever make findings of fact or conclusions of law with regard to voluntariness of a confession? They can ignore both sets of requirements and do it only when the appeal is abated.

For the reasons stated, the judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction on a ground not raised at the trial court or on appeal. A Jackson v. Denno-type hearing, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, was held outside the presence of the jury on the voluntariness of the confession. After an extended hearing the court stated, "Motion overruled. That is all." The majority opinion notes there are no findings of the trial judge in the record or, if he did make findings, what standard was relied upon. Under the provisions of Article 38.22, V.A.C.C.P., findings should have been made.

However, since this was not complained of or called to the trial court's attention, we should not reverse and remand the case for a new trial but should send it back for findings.

In Hullum v. State, Tex.Cr.App., 415 S.W.2d 192, there was a claim of denial of due process. This Court wrote:

"A federal claim of denial of due process of law having been presented, we have decided that a hearing should be held in the trial court while the appeal is pending and that the federal claim of denial of due process be determined prior to the final disposition of said appeal. Such procedure is consistent with the 1965 Code and Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408."

There the Court suspended for further consideration the appellant's motion for re-hearing and directed that evidence be adduced and that the trial court's findings be forwarded to the Court within ninety days.

In Escalante v. State, Tex.Cr.App., 394 S.W.2d 518, after the record was forwarded to this Court, the trial judge made a clear-cut determination of the voluntariness of the confession including a resolution of disputed facts upon which the voluntariness issue may depend. The Court further wrote, ". . . all doubt is removed by the finding of the trial judge at the trial, reduced to writing and forwarded to this Court in a supplemental transcript." There the consideration of the supplemental transcript was challenged as not being a part of the record on appeal but prepared and signed long after the time for filing the statement of facts and bills of exception had expired. The Court wrote:

"After much deliberation, we have concluded that in view of recent decisions of the Supreme Court of the United States, such as Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, the belatedly entered findings of the trial judge certified while the appeal is pending should be considered where a federal claim is asserted."

On April 25th of this year, Causes Nos. 46,682 and 46,683, John Russell Kincaid v. State of Texas, a question was raised as to whether the pleas of guilty were voluntarily made. After the records were filed with the Clerk, the Court ordered a hearing to be held and for evidence to be introduced and

"At the conclusion of the hearing, a transcription of the court reporter's notes shall be prepared as soon as possible. The hearing judge shall prepare findings of fact and conclusions of law. The transcription of the court reporter's notes and the hearing judge's findings of fact and conclusions of law shall be filed with the District Clerk of Bexar County. The District Clerk shall immediately prepare a supplemental transcript and sub-

mit it to the hearing judge for approval. After the approval of the supplemental transcript, the same shall immediately be forwarded to the Clerk of this Court."

In the present case, the appeal should be abated so that the trial court can enter findings of fact and conclusions of law concerning the voluntariness of the confession upon the evidence admitted before him during the trial of the cause. If the trial court concludes that the confession was not voluntarily made, he may order a new trial. If he concludes that the confession was voluntarily made, he is to make findings of fact and conclusions of law and give the appellant's counsel an opportunity to make any objections and then a supplemental transcript with findings of fact and conclusions of law should be immediately forwarded to the Clerk of this Court.

Because the matter has not been raised in the trial court and has not been raised on appeal, the trial court should have the opportunity on the basis of the authorities above cited to make such findings.

For the above reasons, I dissent from the reversal of this cause on matters not heretofore raised.

MORRISON, J., joins in this dissent.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

■ A supplemental transcript which contains the written findings of the trial judge as to the voluntariness of appellant's confession has been filed in this cause. *Cf.* Swenson v. Stidham, 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431. The written findings state that the trial court found:

"That after the Defendant's arrest he was carried before a magistrate, who informed the defendant of the accusation against him and of any affidavit filed therewith, of the defendant's right to retain counsel, of defendant's right to request appointment of counsel if indigent and unable to afford counsel, of defendant's right to remain silent, of defendant's right to have an attorney present during any interview with peace officers or attorneys representing the state, of defendant's right to terminate the interview at any time, of defendant's right to have an examining trial, and that he was not required to make a statement and that any statement made by him could be used against him; that defendant did then knowingly waive his right to an attorney; and that the defendant did then freely and voluntarily, without being induced by any compulsion, threats, promises, or persuasion, make and sign a confession in writing; and the trial court further found beyond a reasonable doubt that the confession of the defendant was freely and voluntarily made without any compulsion or persuasion and that it was admissible."

Therefore, both constitutional and statutory requirements have been met. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Lopez v. State, Tex.Cr.App., 384 S.W.2d 345; Article 38.22, V.A.C.C.P.

Now we reach the contentions raised by appellant herein. First, he contends that the trial court erred in admitting into evidence his written confession as it did not comply with the requirements of Article 38.22, V.A.C.C.P. Specifically, he contends that the statement was given on the second day after he was arrested and that he had given one statement the day before; therefore, he should have been again taken before a magistrate for the warning required under Article 38.22, supra, before giving the second statement.

The record reveals that appellant was arrested on August 21, 1971, and was taken before a magistrate on that same day, at approximately 1:15 P.M., where he was given the warning pursuant to Article 15.-17, V.A.C.C.P. In addition to the magistrate's warning, Sgt. Simpson, of the Aus-

tin Police Department, warned appellant prior to any questioning, and repeated the warning to him several times. Officer Simpson testified that appellant gave a written statement on August 22, 1971, between 9 A.M. and 12 noon. He further testified that on the morning of August 23, 1971, it came to his attention that appellant was probably involved in some other offenses which had not been discussed prior to that time. He stated that he went to the county jail and took the appellant back to the city jail, at which time he again gave the appellant a warning. Thereafter, the appellant gave the written statement which he complains about herein.

The appellant, at the hearing on the motion to suppress, testified that he had finished high school and had attended college and that he could read and write the English language. In his brief, he does not contend that the statement was coerced from him, or that it was the product of threats or promises. His only contention appears to be that the provisions of Article 38.22, supra, were not complied with.

 As heretofore stated, appellant contends that because he was not again taken before a magistrate prior to the giving of the second statement, such second statement should not have been introduced into evidence at the trial and that the motion to suppress such statement should have been granted. Such contention is without merit. A warning by either a magistrate or the person taking the statement is sufficient to satisfy the requirements of Article 38.22, supra. See, e. g., Dunlap v. State, 462 S.W.2d 591.

Finally, appellant contends that the in-court identification should have been suppressed.

 We do not reach this contention because the record shows that the state relied upon appellant's confession to connect him with the crime. The victim of the robbery testified that he could not identify the appellant as one of the robbers and his testimony merely shows that the substan-

tive crime of robbery had been perpetrated upon him. No error has been shown.

There being no reversible error, the state's motion for rehearing is granted; the judgment reversing the conviction is set aside, and the judgment is affirmed.

ONION, Presiding Judge (dissenting).

Following the reversal of this cause for the trial court's failure to make findings as to the admissibility and voluntariness of the confession and over eighteen months after the hearing on the motion to suppress, the trial court for the first time made such findings. The same are found in a supplemental transcript forwarded to the court.

Putting aside any question of whether such belated findings satisfy federal constitutional requirements, it is observed that the belated findings do not satisfy the mandatory requirements of Article 38.22, Vernon's Ann.C.C.P.

If trial judges may choose to comply with the mandatory requirements of the statute only after reversal on original submission, then why should trial judges ever make findings of fact or conclusions of law with regard to the voluntariness of a confession until the time of a reversal?

Clearly the practice upon which the majority places its stamp of approval not only violates the mandatory provisions of the statute and legislative will but has undesirable results. It is disruptive of sound judicial administration to the extent that finality of the judgment of this court in the first instance is never assured. If, after an initial opinion, the trial judge does what the law required he should have done in the first place, then this court must reconsider the matter and write still another opinion. The practice is destructive of judicial economy at the appellate level at a time when that economy is most important.

Believing the cause was properly disposed of on original submission, I dissent.

ROBERTS, J., joins in this dissent.