**Larry Jerry BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50504.**

Court of Criminal Appeals of Texas.

Dec. 3, 1975.

Rehearing Denied Dec. 17, 1975.

Neal B. Wheeler, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Jay Ethington and Danny Garrigan, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

A jury found appellant guilty of aggravated robbery and assessed his punishment at twenty years.

Appellant contends that the trial court erred in overruling his objection to the prosecutor's argument at the punishment hearing. We agree and reverse.

The State's evidence showed that on June 22, 1974, the appellant entered the Seven-Eleven store at 2911 Ledbetter in Dallas. The complainant, Oscar Bell, was working in the store. After inquiring about the purchase of a watch, the appellant pulled out a gun and forced the complainant to give him all of the money in the cash register. The appellant also took money at gunpoint from a customer in the store and attempted to take money from the complainant's brother, who entered the store during the course of the robbery.

The appellant took the stand and denied committing the offense. He also called as a witness Mabel Davenport, who corroborated his testimony concerning his whereabouts at the time of the offense.

At the punishment hearing the prosecutor argued:

"I'm not asking for more than what it's worth. *Thirty years, why?* That's the going rate, for a crime like this. No one got shot, no one got killed. We don't have a murder case here. Why? Because it's the going rate. It's the standard rate. You know you think about the facts, and you've *got three robberies in this case.* You've got a robbery of a—(Emphasis added)

"MR. WHEELER [Appellant's counsel]: Your Honor, we're going to object to that, because very obviously this man is being tried for one robbery. And that's what the jury is to determine what his punishment should be.

"THE COURT: I'll overrule your objection."

The prosecutor then argued:

"When you think of the facts, you've got three people that were robbed. . . . Three separate robberies. *Now that would be ten years each* robbery." (Emphasis added)

In *Klueppel v. State,* 505 S.W.2d 572, 574 (Tex.Cr.App.1974), this Court unanimously held that "the State is not entitled to ask the jury to assess punishment for the collateral crimes which may have been admitted in evidence and add such punishment to the penalty assessed for the offense alleged in the indictment."

The conviction in *Klueppel* was reversed because the prosecutor violated this rule. The case of *Wilson v. State,* 148 Tex.Cr.R. 61, 184 S.W.2d 838 (1945), was also reversed for this reason; it is even more in point than *Klueppel.* There the defendant was charged with aggravated assault by motor vehicle. This Court held that it was error for the State to argue to the jury that Wilson's use of black market gasoline at the time of the collision could be considered in assessing his punishment.

We conclude that the holdings in *Klueppel* and *Wilson* require that this case be

reversed.[1] The prosecutor here went "beyond the bounds of asking the jury to consider the circumstances surrounding the offense in fixing punishment." *Klueppel v. State, supra*, at 574. Instead, he specifically asked the jury to punish the appellant for two additional crimes not then being tried. This was serious and prejudicial error requiring reversal.

Accordingly, the judgment is reversed and the cause remanded.

1. The case of *Dunlap v. State*, 462 S.W.2d 591 (Tex.Cr.App.1971), is not in point. In *Dunlap*, we did not reach the issue so squarely decided in *Klueppel* —that a prosecutor may not urge the jury to punish the accused for offenses for which he is not being tried.