# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-12-00178-CR
---

**Daniel Tovar, Appellant**

**v.**

**The State of Texas, Appellee**

---
**FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
NO. CR-11-0243, HONORABLE JACK H. ROBISON, JUDGE PRESIDING**
---

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Daniel Tovar of the offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2). The district court assessed punishment at 55 years' imprisonment. In three issues on appeal, Tovar asserts that the district court: (1) abused its discretion in allowing a witness to testify to facts outside of the witness's personal knowledge; (2) abused its discretion in overruling Tovar's objection to the State's closing argument; and (3) failed to make a proper finding as to Tovar's gang status. We will affirm the judgment.

### BACKGROUND

The jury heard evidence that on or about the night of April 10, 2011, Tovar had attended a party in San Marcos. At some point after midnight, while he was at the party with his friend, Jesus Castillo, Tovar got into a physical altercation with the victim, Rebecca Mendoza. During that altercation, Mendoza testified, she was stabbed with a knife, although she did not realize immediately that she had been stabbed. Based on the testimony of Mendoza and other

witnesses, which we discuss in more detail below as it is relevant to Tovar's issues on appeal, the jury found that Tovar was guilty of the charged offense of aggravated assault with a deadly weapon. Punishment was before the bench. After hearing evidence pertaining to extraneous offenses that Tovar had allegedly committed, including his involvement with a gang known as the Texas Syndicate, the district court sentenced Tovar to 55 years' imprisonment. This appeal followed.

## ANALYSIS

**Evidence admissibility**

In his first issue, Tovar asserts that the district court abused its discretion in allowing an extraneous-offense witness to express his opinion on the facts of this case. The witness was Gustavo Urquidi, a person who had allegedly been stabbed by Tovar on a prior occasion. During the witness's testimony, the following occurred:

| | |
|---|---|
| [Prosecutor]: | So did you ever pursue criminal charges against Daniel Tovar? |
| [Witness]: | No, ma'am. |
| . . . . | |
| [Prosecutor]: | Why did you not want to attempt to pursue criminal charges? |
| [Witness]: | Because I didn't want anymore trouble. |
| [Prosecutor]: | You didn't want anymore trouble? Why now are you agreeing to come here and tell this jury what he did to you? |
| [Witness]: | Because he cut this girl and I believe that my testimony can help her in her— |
| [Defense counsel]: | Objection. The witness is testifying [to] facts that he does not have knowledge of. |

2

| [The Court]: | That's overruled. |
| --- | --- |
| [Defense counsel]: | Need to establish the predicate for— |
| [The Court]: | Overruled and it is untimely. |

The State then moved on to another line of questioning.

Tovar argues that the district court abused its discretion in overruling his objection to the evidence. According to Tovar, no showing had been made that the witness had personal knowledge of the facts of this case, and, therefore, the witness should not have been allowed to testify that Tovar "cut this girl." *See* Tex. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). A trial court abuses its discretion only when its decision "is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

We first review the district court's determination that Tovar's objection was untimely, an issue not addressed by the State in its brief. *See Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005) (characterizing preservation of error as "systemic requirement that must be reviewed by the courts of appeals regardless of whether the issue is raised by the parties"). "A defendant must make a timely objection in order to preserve an error in the admission of evidence." *Dinkins v. State*,

894 S.W.2d 330, 355 (Tex. Crim. App. 1995). "An objection should be made as soon as the ground for objection becomes apparent" and at "the earliest possible opportunity." *Id*.; *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). "Therefore, if a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds." *Id*. "If he fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived." *Id*.

Here, Tovar asserts that his objection was timely because what he found objectionable was not the question that the prosecutor had asked but rather the answer that the witness had provided, and Tovar objected almost immediately after the witness had made the objectionable statement. We disagree with Tovar's contention that he objected at the earliest possible opportunity. While Tovar's objection might have been timely in cases in which the witness's answer to the question could not have been anticipated and was a surprise to counsel, that was not the case here. In this case, before the witness had testified, the district court held a hearing outside the presence of the jury in which the State had proffered the questions that it expected to ask the witness and the testimony that it expected to elicit in response. The State's questions, and the witness's responses, included the following:

Q. [D]id you pursue a criminal case against Daniel Tovar at that time?

A. No, ma'am.

Q. Why not?

A. Because I didn't want any more problems or anything, you know.

Q. So why are you willing to come here and testify here today?

A. Because I realized he had done something to this girl and I mean—

4

Q. You mean, what you felt it was the right thing to do?

A. I believe that if I can help her in her case.

It is apparent from the above exchange that, in response to the State's proferred question as to why he was testifying, the witness was planning to testify that it was because Tovar had "done something" to "this girl" and because he wanted to "help her in her case." Therefore, Tovar should have known at the time the same question was asked in front of the jury that it would elicit a response involving the facts of this case, and he thus should have objected at some point before the witness had answered the question in the jury's presence.[1] *See Dinkins*, 894 S.W.2d at 355. Because Tovar did not, the objection was untimely and he failed to preserve error. *See* Tex. R. App. P. 33.1(a).

Moreover, even if we were to assume that the objection was timely, and were to further assume without deciding that the testimony was inadmissible, we could not conclude on this record that Tovar was harmed by its admission. A violation of the evidentiary rules that results in the erroneous admission of evidence is non-constitutional error. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Non-constitutional error that does not affect a defendant's substantial rights must be disregarded. Tex. R. App. P. 44.2(b). Substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Motilla v. State*,

---

[1] Tovar also could have made his objection known during the hearing outside the presence of the jury. In fact, at one point during the hearing, the district court indicated that it would rule on objections at the conclusion of the hearing and advised the prosecutor, "Whatever you're going to put in front of the jury, you need to put on now. So [defense counsel] can make her objections." The prosecutor complied. But at no point during the hearing did Tovar indicate that he found the witness's testimony related to the reasons why he was coming forward objectionable.

78 S.W.3d 352, 355 (Tex. Crim. App. 2002). Here, the objectionable testimony was limited to the witness's statement that Tovar "cut this girl." No further details were elicited by the prosecutor, who immediately moved on to another line of questioning, and the State did not mention the witness's statement in its closing argument. Thus, the State did not emphasize the error, if any. *See id*. at 356. Also, during cross-examination, defense counsel elicited the following testimony from the witness tending to demonstrate to the jury that the witness did not have any personal knowledge of the facts of this case:

> Q. Do you recall saying that you read about this girl getting stabbed?
>
> A. I heard that he had cut this girl up and, you know, I don't know who it is that he cut. I don't know her. I have not met her.
>
> Q. And the district attorney's office told you what happened to this girl. Right?
>
> A. No, I found out about it and when later they asked me if I would be willing to testify, I agreed to do that.
>
> Q. Did the State tell you what was used to hurt the girl?
>
> A. No, no, I don't know what it was that was used to cut her. I was just aware that—that he had stabbed her somehow, cut her.
>
> Q. So you had heard he was accused of stabbing a girl?
>
> A. Well, yes, that's what I heard, that he was accused of cutting her or stabbing her. Because I haven't met the girl. I don't know her.

Accordingly, even if the jury had somehow mistakenly inferred from the witness's earlier statement that he had personal knowledge of the facts of this case, this subsequent testimony made it clear to the jury that he did not. Additionally, there was other evidence in the record from which the jury could have reasonably inferred that Tovar had stabbed the victim. One of the witnesses to the

6

altercation testified that she saw Tovar with a knife in his hand after the victim had been stabbed. And the victim herself testified that, after she had been stabbed, she saw Tovar "coming at [her] again," with his "knife or his weapon drawn." This and other testimony from witnesses with personal knowledge of the case tended to identify Tovar as the perpetrator of the offense, and we have fair assurance that it was this testimony that influenced the jury's verdict, not the statement of a witness who admitted that he had only "heard" of the case. On this record, we cannot conclude that the admission of the witness's statement, even if erroneous, affected Tovar's substantial rights. We overrule Tovar's first issue.[2]

**Improper jury argument**

In his second issue, Tovar asserts that the district court abused its discretion in overruling his objection to an allegedly improper comment by the State during its closing argument. The argument related to the testimony of Gustavo Urquidi, the extraneous-offense witness who had testified that Tovar had stabbed him on a prior occasion. During the State's argument, the record reflects that the following occurred:

> [Prosecutor]: And then on top of that we have both ladies saying that he has a knife. He was holding the knife. It is a simple case. He had a knife. He stabbed her with it. I don't have to prove to you how he stabbed her or why. I don't have to prove to you

---

[2] To the extent that Tovar's brief may be construed as raising other objections to the admissibility of the witness's statement, we note that the only objection that was raised during trial (albeit in an untimely manner) was an objection based on the witness's lack of personal knowledge pursuant to Rule 602. Consequently, any other objections to the evidence have also been waived. *See* Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) ("[T]he point of error on appeal must comport with the objection made at trial."); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986) ("[I]f an objection made in the trial court differs from the complaint made on appeal, a defendant has not preserved any error for review.").

the color of the sky. Just that he stabbed her. And they say the only thing in dispute is that he didn't do it. It is simple. You have what you need. You know he did this and we need you to go back there and convict him because this is an important case. They all are. People like him do not need to stay in our community. People like him who will violently and publicly and brazenly commit violence against a mechanic [Urquidi].

[Defense counsel]:  Objection, Your Honor, it is improper inference to that evidence. That evidence is only—

[The Court]:  I'm sorry, would you repeat what you said. I didn't hear it.

[Prosecutor]:  Do violence to a mechanic, and we heard evidence that Gustavo is a mechanic.

[Defense Counsel]:  To that kind of person that would do that to a mechanic. That's an improper inference and use of that evidence under 404(b).

[The Court]:  Overruled.

According to Tovar, the prosecutor's argument was improper because it went beyond the limited purpose for which the extraneous-offense evidence had been admitted—to establish Tovar's identity as the perpetrator of this offense—and instead encouraged the jury to convict Tovar based on what he had previously done to Urquidi, the mechanic who had testified to the extraneous offense. *See* Tex. R. Evid. 404(b) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as . . . identity, . . .").

Permissible jury argument generally falls into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Berry v. State*, 233 S.W.3d 847, 859

8

(Tex. Crim. App. 2007) (citing *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000)). It is improper for the State to argue that a defendant should be convicted for an offense other than the one he was charged with committing. *See Brown v. State*, 530 S.W.2d 118, 119-20 (Tex. Crim. App. 1975).[3]

Assuming without deciding that the prosecutor's argument was improper, we cannot conclude on this record that Tovar was harmed by the argument. In most cases, improper jury argument is considered non-constitutional error. *See Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Non-constitutional error that does not affect a defendant's substantial rights must be disregarded. *See* Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King*, 953 S.W.2d at 271. In determining whether a defendant's substantial rights were affected by improper jury argument, courts are to balance the following three factors: (1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Mosley*, 983 S.W.2d at 259. Improper jury argument "will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (citing *Todd v. State*, 598 S.W.2d 286, 296-97

---

[3] *See also* George E. Dix & John M. Schmolesky, 43 Texas Practice—Criminal Practice and Procedure § 45.12 (3d ed. 2011) ("Even though the law permits an extraneous offense to be admitted into evidence, the prosecutor is not given complete freedom in arguing about such evidence. The argument must be restricted to the rationale for admitting the evidence. If it is not so restricted, the argument has the effect of asking the jury to consider the evidence for an impermissible purpose").

(Tex. Crim. App. 1980)). "The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial." *Id*. (citing *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)).

Regarding the first factor, we do not find the prosecutor's alleged misconduct in this case to be severe. The argument did not inject new facts into the case, as the jury had already heard detailed testimony from Urquidi regarding what Tovar had done to him. Moreover, the argument, in context, appears to be, at worst, a poorly worded attempt by the prosecutor to make a plea for law enforcement, which is a permissible area of jury argument. Although it is true that, during the guilt / innocence stage of trial, a plea for law enforcement should be limited to the offense for which the defendant is charged, the comment here does not appear to have been a "willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial." *See Wesbrook*, 29 S.W.3d at 115. Also, the comment was not repeated by the prosecutor. In fact, the record reflects that immediately after the district court overruled Tovar's objection, the prosecutor shifted her argument and the jury's focus back to the victim of this offense, and then briefly concluded her argument. Thus, the State did not emphasize the comment. This factor weighs in the State's favor.

Regarding the second factor, the district court overruled the objection. Thus, no instruction to disregard or other curative measures were adopted to cure the alleged misconduct. This factor weighs in Tovar's favor. *See Mosley*, 983 S.W.2d at 260.

Regarding the third factor, having reviewed the record, this does not appear to have been a close case. Based on the evidence presented, there were only two people who might have been responsible for stabbing the victim—Tovar or his friend Castillo, who was nearby during the altercation. However, both the victim and an eyewitness to the altercation testified that they saw

10

Tovar holding a knife during the fight. The eyewitness further testified that she did not see Castillo with a knife and that, at the time the stabbing allegedly occurred, Castillo was at the top of a stairway physically separated from the victim, while Tovar was physically fighting with the victim at the bottom of the stairway. The victim provided similar testimony tending to identify Tovar as the perpetrator. In fact, the victim testified that Castillo never got close enough to touch her. Based on this and other evidence, there is a high degree of certainty that, even without the prosecutor's comment, the jury would have convicted Tovar of committing this offense. This factor weighs in the State's favor.

Balancing the three factors for assessing harm in this case, we find that they weigh in the State's favor. Although there was no curative action taken, the alleged misconduct was not severe, and, based on the strength of the State's case, we have fair assurance that the misconduct did not have a substantial or injurious effect or influence in determining the jury's verdict. Accordingly, we cannot conclude that Tovar was harmed by the alleged misconduct. *See* Tex. R. App. P. 44.2(b); *Mosley*, 983 S.W.2d at 260. We overrule Tovar's second issue.

**Gang status**

Throughout the punishment stage of trial, evidence was presented that tended to show that Tovar belonged to a criminal gang known as the Texas Syndicate. At the end of trial, after the district court had sentenced Tovar, the record reflects that the following occurred:

[Prosecutor]:   I'll ask the Court to make a judicial finding that Daniel Tovar
         is a Texas Syndicate gang member.

[The Court]:    I am sorry?

11

| [Prosecutor]: | Can you make a judicial finding that Daniel Tovar is a member of the Texas Syndicate? |
|---|---|
| [The Court]: | It appears so. I mean, but I don't know—yeah, sure, I think he was. I think he is, yeah. |
| [Prosecutor]: | Thank you, Judge. |

Tovar made no objection to the above procedure. The proceedings were then concluded. In accordance with the above, the written judgment of conviction contains the following: "The Court hereby makes an affirmative finding that the Defendant is a member of the Texas Syndicate." In his third issue, Tovar asserts that the written finding is improper because, in his view, "[t]he State did not request a finding authorized by Article 42.0197, [Texas Code of Criminal Procedure],"[4] "[t]here was no evidence to support such a finding, and the trial court did not pronounce such a finding."[5]

This issue is being raised for the first time on appeal. Tovar did not object to any aspect of the district court's procedure in entering the finding, either on the basis of article 42.0197 or any other statutory provision.[6] Accordingly, any error in the entry of the finding has been waived,

---

[4] Article 42.0197, which is entitled, "Finding Regarding Gang-Related Conduct," provides that, "[i]n the trial of an offense, on the motion of the attorney representing the state the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that the applicable conduct was engaged in as part of the activities of a criminal street gang as defined by Section 71.01, Penal Code." Tex. Code Crim. Proc. art. 42.0197.

[5] Although Tovar states that there is "no evidence" to support the finding, we do not construe this issue on appeal as challenging the sufficiency of the evidence supporting the finding. Tovar's complaint on appeal is clearly directed at the procedure utilized by the district court in entering the finding and the alleged failure of the district court to comply with the statutory requirements of article 42.0197, a complaint that was not raised at the court below.

[6] The State contends that the finding was made pursuant to chapter 61 of the Texas Code Criminal Procedure, which authorizes the collection of information pertaining to criminal combinations and criminal street gangs and the compilation of that information into an intelligence database. *See* Tex. Code Crim. Proc. art. 61.02. Among other requirements, information collected

and there is nothing for us to review.  *See* Tex. R. App. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Trinidad v. State*, 312 S.W.3d 23, 29 (Tex. Crim. App. 2010); *Haley*, 173 S.W.3d at 515; *Saldano v. State*, 70 S.W.3d 873, 886-87 (Tex. Crim. App. 2002).  We overrule Tovar's third issue.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   August 20, 2013

Do Not Publish

---

pursuant to chapter 61 must consist of "a judgment under any law that includes, as a finding or as an element of a criminal offense, participation in a criminal street gang."  *Id*. art. 61.02(c)(2)(A).