Charles S. SPINGOLA, Appellant

v.

The STATE of Texas, Appellee.

No. 14–03–00666–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 2004.

Murphy S. Klasing and Elizabeth Ann Crawford, Houston, TX, for appellants.

Stephanie S. Stroud, Huntsville, TX, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant entered a plea of not guilty to the offense of criminal trespass. He was convicted and the jury assessed punishment at confinement for one day in the Walker County Jail and a fine of $800. In four points of error, appellant contends (1) the evidence is legally insufficient to support his conviction, (2) the criminal trespass statute was unconstitutionally applied, (3) the trial court erred in failing to instruct the jury on probable cause, and (4) the trial court erred in refusing to allow counsel to question prospective jurors about their opinions on the issue of abortion. We affirm.

## Background

On March 5, 2001, Dean Frank Parker of Sam Houston State University received a call about several people gathered in the mall area of campus. In the mall area, Dean Parker discovered a crowd of thirty to forty people gathered around appellant, who was speaking about abortion. Dean Parker told appellant he was welcome to remain on campus, but needed to move to the area designated as the free expression area. Appellant refused to move to the free expression area after being asked five times to move. Dean Parker then told appellant that if he did not move to the free expression area in compliance with University policy, he would have to leave the campus. Appellant refused, stating he had a right to free speech. Dean Parker agreed with appellant's right to free speech, but explained the University had a time, place, and manner restriction on campus. Dean Parker further testified that he was concerned for appellant's and his listeners' safety because of on-going construction in the area where appellant was speaking. Appellant was subsequently arrested because he refused to leave the campus after repeatedly being asked to move to the free expression area.

Appellant testified that he had been to the University before to speak and that the free expression area was adjacent to a fountain, which made it noisy and difficult for his listeners to hear him. Appellant further testified that had he known he was going to be arrested, he would have moved to the free expression area.

## Constitutional Question

In his second issue, appellant contends the criminal trespass statute was unconstitutionally applied to him. The question to be resolved is whether appellant's conviction for criminal trespass violated his right of free expression as guaranteed by the

United States and Texas Constitutions. U.S. Const. amend. I; Tex. Const. art. I, § 8.

■ Nothing in the Constitution requires a governmental entity to freely grant access to all who wish to exercise their right to free speech on every type of government property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities. *Cornelius v. NAACP Legal Defense & Educational Fund, Inc.,* 473 U.S. 788, 799–800, 105 S.Ct. 3439, 3447, 87 L.Ed.2d 567 (1985). Recognizing that the government has power to preserve the property under its control for the use to which it is lawfully dedicated, the Supreme Court has adopted a forum analysis as a means of determining when the government's interest in limiting the use of its property to its intended purpose outweighs the interest of those wishing to use the property for other purposes. *Perry Education Assn. v. Perry Local Educators' Assn.,* 460 U.S. 37, 45–46, 103 S.Ct. 948, 954–55, 74 L.Ed.2d 794 (1983).

■ In applying the forum analysis, the Court has found that public places may generally be divided into three categories. The first, the "quintessential public forums," includes those places that by long tradition or by government fiat have been devoted to assembly and debate, such as parks, streets, and sidewalks. *Id.,* 460 U.S. at 45, 103 S.Ct. at 954. In those places, expressive activity will rarely be incompatible with the intended use of the property. *See Schneider v. State of New Jersey,* 308 U.S. 147, 163, 60 S.Ct. 146, 151, 84 L.Ed. 155 (1939). The second category, which has been referred to as forums by designation, or limited public forums, consists primarily of government property that the government has opened for use as a place for expressive activity for a limited amount of time, or a limited class of speakers. *See Heffron v. International Society for Krishna Consciousness, Inc.,* 452 U.S. 640, 655, 101 S.Ct. 2559, 2567, 69 L.Ed.2d 298 (1981); *Widmar v. Vincent,* 454 U.S. 263, 268, 102 S.Ct. 269, 273–74, 70 L.Ed.2d 440 (1981). The third category, nonpublic forums, consists of property that is not compatible with general expressive activity.

■ In both public and limited public forums, people generally have a First Amendment right to engage in expressive activity on the property. *Perry,* 460 U.S. at 45, 103 S.Ct. at 955. The right to engage in expressive activity on public property is not absolute, but may be regulated by the government as to the time, place, and manner of the expressive activity in order to accommodate the interest of all members of the public to enjoy the use of the public space. *Hague v. CIO,* 307 U.S. 496, 516, 59 S.Ct. 954, 964, 83 L.Ed. 1423 (1939). Such restrictions must be "justified without reference to the content of the regulated speech," be "narrowly tailored to serve a significant governmental interest," and "leave open ample alternative channels for communication." *Clark v. Community for Creative Non–Violence,* 468 U.S. 288, 293, 104 S.Ct. 3065, 3069, 82 L.Ed.2d 221 (1984).

■ The Supreme Court has recognized that First Amendment rights must be analyzed "in light of the special characteristics of the school environment." *Tinker v. Des Moines Independent School District,* 393 U.S. 503, 506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731 (1969). A university differs in significant respects from public forums such as streets or parks in that a university's mission is education. *Widmar,* 454 U.S. at 268, 102 S.Ct. at 274. A campus need not make all of its facilities equally available to students and non-students alike, nor must a university grant

free access to all of its grounds or buildings. *Id.*

■ Here, appellant contends the university was either a public or limited public forum subject to reasonable time, place, and manner restrictions. We agree. Appellant contends; however, that the University's time, place, and manner restrictions apply only to parades, demonstrations, and rallies. Because he was not conducting a parade, demonstration, or rally, appellant contends he was not required to move to the free expression area. In making this contention, appellant refers to the University policy titled, "Parades, Demonstrations or Rallies, and Use of the Free Expression Area." Although the policy addresses parades, demonstrations, and rallies, it also addresses "all other persons and groups." Section 3.8 of the policy provides that "All other persons and groups may assemble and demonstrate only in the Free Expression Area between the hours of 8:00 a.m. and 5:00 p.m. Monday through Friday." Therefore, the University's time, place, and manner restrictions apply to all persons and groups seeking to assemble or speak on the campus.

Appellant contends, in his brief, that "Dean Parker confirmed in his testimony that Rev. Spingola was not in violation of the University's policy on parades, demonstrations, and rallies because he was not conducting a demonstration, parade or rally[.]" In his testimony, Dean Parker stated that appellant was not conducting a parade, demonstration, or rally; he did not state that appellant was not in violation of the University's time, place, and manner restrictions.

■ The purpose of the criminal trespass statute is not to regulate speech. *See* TEX. PEN.CODE ANN. § 30.05. Its purpose is to regulate conduct. *Otwell v. State*, 850 S.W.2d 815, 818 (Tex.App.-Fort Worth 1993, pet. ref'd). A general trespass statute may be constitutionally applied, even to those who trespass to communicate, as long as the statute is applied without discrimination and is not used for the primary purpose of suppressing speech. *Reed v. State*, 762 S.W.2d 640, 644 (Tex.App.-Texarkana 1988, pet. ref'd). The criminal trespass statute provides that a person commits an offense if he enters or remains on property or in a building of another without effective consent and he received notice to depart but failed to do so. TEX. PEN.CODE ANN. § 30.05. The evidence shows that appellant was not asked to leave the premises until he refused five requests to move to the free expression area. There is no evidence appellant was asked to move to the free expression area because of the content of his message. Under those facts, the enforcement of the criminal trespass statute did not violate appellant's rights of expression under the United States or Texas Constitutions. Appellant's second issue is overruled.

## Sufficiency of the Evidence

■ In his first issue, appellant contends the evidence is legally insufficient to support a conviction for criminal trespass. Specifically, appellant contends the State failed to prove he knowingly remained on University grounds after having been asked to leave.

■ When reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict, asking whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App. 2000). The jury, as trier of fact, is entitled to resolve any conflicts in the evidence, to

evaluate the credibility of witnesses, and to determine the weight to be given any particular evidence. *See Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996). When, as in this case, the trial court's charge authorized the jury to convict on several different theories, we will uphold the verdict of guilt if the evidence is sufficient on any one of the theories. *Rabbani v. State,* 847 S.W.2d 555, 558–559 (Tex. Crim.App.1992).

▮ A person commits the offense of criminal trespass if he "enters or remains on property or in a building of another without effective consent and he: ... received notice to depart but failed to do so." Tex. Pen.Code Ann. § 30.05. The evidence is undisputed that appellant violated the criminal trespass statute by remaining on University property after being asked to leave. Appellant argues that he thought he was entitled to remain in the area where he was speaking; therefore, he had no intent to commit a crime. No culpable mental state is required, however, for a conviction under section 30.05 other than a volitional refusal to leave when requested. *Reed,* 762 S.W.2d at 646. We have concluded that appellant's constitutional rights were not violated when he was asked to move to the free expression area. Appellant repeatedly refused to move to the free expression area. After refusing to move to the free expression area, appellant was asked to leave the campus, and he refused. Therefore, the evidence is sufficient to support appellant's conviction. Appellant's first issue is overruled.

### Probable Cause Instruction

▮ In his third issue, appellant contends the trial court erred in denying his request to include a definition and instruction with regard to probable cause under article 38.23 of the Texas Code of Criminal Procedure. Probable cause ex-

ists when the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense. *Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App.1997). The determination of the existence of probable cause concerns the factual and practical considerations of everyday life on which reasonable and prudent people act. *Id.*

▮ Article 38.23(a) of the Texas Code of Criminal Procedure requires the jury to decide the lawfulness of an arrest or search only when the facts regarding the arrest or search are in controversy. *Balentine v. State,* 71 S.W.3d 763, 773 (Tex. Crim.App.2002). Here, there is no dispute as to the facts surrounding appellant's arrest. Appellant was repeatedly asked to move to the free expression area. When he refused to do so, he was asked to leave the premises. When he refused to leave, he was arrested. Although appellant testified, he did not controvert those facts. Because there was no factual dispute, no instruction was required. *See id.* Appellant's third issue is overruled.

### Voir Dire

▮ In his fourth issue, appellant contends the trial court erred in refusing to allow defense counsel to question the prospective jurors as to their opinion on abortion. We review a trial court's ruling regarding questioning of the venire during voir dire for abuse of discretion. *Skinner v. State,* 956 S.W.2d 532, 542 (Tex.Crim. App.1997); *Nunfio v. State,* 808 S.W.2d 482, 484 (Tex.Crim.App.1991). The propriety of the question determines whether the trial court abused its discretion. *Nunfio,* 808 S.W.2d at 484. If a question seeks to discover a juror's view on an issue applicable to the case, it is a proper question. *Id.* The trial court abuses its discretion if it disallows a proper question. *Goff v. State,*

931 S.W.2d 537, 545–46 (Tex.Crim.App. 1996).

Appellant contends the trial court erred in refusing to allow him to ask the following question:

MR. KLASING [defense counsel]: Okay, great. Now for the biggy. One of the topics that Mr. Spingola talks about a lot when he's around is abortion, and I hate to even bring up this issue, but I need to talk about it just briefly. Obviously he preaches against it when he goes to different places, and that can be a very sensitive issue for a lot of people. You know, I think people are on either side of that issue, for the most part, and it will be almost like talking about the war. In some places in this country right now people are pretty hot on both sides of that issue as well, so having mentioned that, you know, don't kill the messenger because of the message he's delivering, all right, and I want to make sure that because of the message that Mr. Spingola delivered in his profession during this time, that's not going to cause you to be biased, you know, toward him or against him, and I—

MR. ESQUIVEL [prosecutor]: Objection, Your Honor. This is irrelevant.

THE COURT: Sustained.

MR. KLASING: I want to make sure that nobody here, you know, would feel biased toward Mr. Spingola because of his beliefs. Is there anybody that feels that way? I just want to ask the panel generally. How about over here?

(No response.)

Appellant's counsel did not ask the veniremembers about their views on abortion, only whether they would be biased against appellant for his views on abortion. To preserve error, a defendant's trial objection must comport with the issue raised on appeal. *Banda v. State*, 890 S.W.2d 42, 62 (Tex.Crim.App.1994). At trial, appellant asked the venire if they would be biased against appellant because of his views on abortion. On appeal, appellant complains he was not allowed to ask potential jurors about their views on abortion. Appellant has not preserved error because his issue does not comport with the question he asked at trial. Further, although the prosecutor's objection was sustained, appellant's counsel was allowed to ask the venire whether they would be biased toward appellant based on his beliefs. The veniremembers, by their silence, indicated they would not be biased. Appellant's fourth issue is overruled.