79,354-03

Randall Bolivar #n1719379
Ellis Unit
1697 FM 980
Huntsville, Texas 77343

May 5, 2015

Texas Court of Criminal Appeals
Clerk of the Court
P.O. Box 12308, Capitol Station
Austin, Texas 78711

VIA CERTIFIED MAIL
7014 0510 0001 2015 1495

RE:

## MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

## MOTION FOR EMERGENCY STAY OF PROCEEDINGS

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 13 2015
Abel Acosta, Clerk

Dear Clerk of the Court:

Enclosed please find the following documents for filing with the Court. I respectfully request you bring these matters to the courts attention as promptly as possible:

    1. Motion For Leave To File Petition For Writ of Mandamus; and

    2. Motion For Emergency Stay of Proceedings.

Thank you for your time and consideration. God Bless You!

Respectfully Submitted,

Randall Bolivar, Pro Se

cc:
    Chief Staff Attorney, 13TH Court of Appeals ← via CERTIFIED mail 7014 0510 0051 2001 1256
    Cameron County D.A.'s Office

CAUSE NO. _____

IN THE TEXAS

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| RANDALL BOLIVAR, | § | |
| Realtor | § | Relief Sought From Order of |
| | § | Thirteenth Court of Appeals |
| vs. | § | Cause No. 13-14-00157-CR |
| | § | |
| THIRTEENTH COURT OF APPEALS, | § | |
| Respondent | § | |

---

### MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Randall Bolivar, Realtor pro se, and respecfully moves the Court to grant leave to file a petition for writ of mandamus, pursuant to Rule 72, Texas Rules of Appellate Procedures.

Realtor asserts that the matters that he intends to raise are extraordinary in Texas Jurisprudence, once he is able to obtain a complete record of which is the primary focus of this complaint and request for relief.

Wherefore, Realtor prays the Court will GRANT LEAVE.

Respectfully Submitted,

*Randall Bolivar*

Randall Bolivar, Pro Se
Realtor
Ellis Unit, TDCJ # 1719379
1697 FM 980
Huntsville, Texas 77343

CAUSE NO. _____

IN THE TEXAS

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

RANDALL BOLIVAR,                        §
    Realtor                             §    Relief Sought From Order of
                                        §    Thirteenth Court of Appeals
vs.                                     §    Cause No. 13-14-00157-CR
                                        §
Thirteenth Court of Appeals,            §
    Respondent                          §

---

MOTION FOR EMERGENCY STAY OF PROCEEDINGS

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

   Comes now Randall Bolivar, Realtor pro se, and respectfully moves this
Honorable Court to STAY the proceedings in Cause No. 13-14-00157-CR from the
Thirteenth Court of Appeals. In support shows:

1. Realtor's Appellate Brief is due to be filed in the appellate court on
   or before May 14, 2015.

2. Realtor has not received a complete copy of the Clerk's Record.

3. Realtor has filed a motion to abate the appeal in order to supplement
   the record, and have a copy provided to Realtor, and it was denied.

4. The record is devoid of written findings of fact and conclusions of law
   on the motion to supress statement  challenging the voluntariness.

5. Realtor filed a motion to abate the appeal to enter findings, but it was
   unexplicably dismissed as moot.

6. Realtor is incarcerated and has no way  by which to notify by expedited
   means any  other party, but is being notified as promptly as possible.

7. Realtor has no ability to exercise his due dilligence beyond what has
   already been exercised with all parties, at all levels. Without the
   emergency stay of proceedings, Realtor would suffer irreparable harm.

   Wherefore, Realtor prays the Court will GRANT the STAY of proceedings.

                                   Respectfully Submitted,

                                   Randall Bolivar, Pro Se
                                   Realtor
                                   Ellis Unit, TDCJ # 1719379
                                   1697 FM 980
                                   Huntsville, Texas 77343

## CERTIFICATE OF SERVICE

I, Maria S. Rey, certify that a true and correct copy of the above and fore-going documents were served on opposing counsel for the State at:

Cameron County District Attorney's Office

964 E. Harrison St.

Brownsville, Texas 78520

Chief Staff Attorney

901 Leopard St., 10th Flr.

Corpus Christi, Texas 78401

Service upon counsel was made by fax, First Class Mail, or hand-delivery.

SIGNED AND SERVED ON THIS 11 DAY OF _MAY_____, 2015.

Maria S. Rey

List of Motions:

Motion For leave to File Petition For Writ of Mandamus

Motion For Emergency Stay of Proceedings

Randall Bolivar # 1719379
Ellis Unit
1697 FM 980
Huntsville, Texas 77343

May 5, 2015

Texas Court of Criminal Appeals
Clerk of the Court
P.O. Box 12308, Capitol Station
Austin, Texas 78711-

VIA CERTIFIED MAIL
7014 0510 0001 1495

RE:

PETITION FOR WRIT OF MANDAMUS
AND
EMERGENCY STAY OF APPELLATE PROCEEDINGS

Dear Clerk of the Court:

Enclosed for filing with the Court, please find my PETITION FOR WRIT OF

MANDAMUS AND EMERGENCY STAY OF APPELLATE PROCEEDINGS.

I humbly request that this matter be prompty brought to the attention of

the Court due to the time constraints invloved.

Thank you for your time and consideration. God Bless You!

Respectfully Submitted,

Randall Bolivar, Pro Se

cc:
Chief Staff Attorney, 13TH COurt of Appeals VIA CERTIFIED MAIL 7014 0510 0001 1501 12.56
Cameron County D.A.'s Office

CAUSE NO. _____

IN THE TEXAS

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

IN RE RANDALL BOLIVAR,
REALTOR

VS.

THIRTEENTH COURT OF APPEALS,
RESPONDENT

---

APPELLATE CAUSE NO. 13-14-00157-CR
FROM THE THIRTEENTH COURT OF APPEALS, EDINBURG, TEXAS

TRIAL COURT CAUSE NO. 09-CR-2869-A
FROM THE 107TH DISTRICT COURT, CAMERON COUNTY, TEXAS

---

PETITION FOR WRIT OF MANDAMUS
AND
EMERGENCY STAY OF APPELLATE PROCEEDINGS

---

RANDALL BOLIVAR, PRO SE
REALTOR
ELLIS UNIT, TDCJ # 1719379
1697 FM 980
HUNTSVILLE, TEXAS 77343

Identity of Parties

REALTOR:

    Randall Bolivar, Realtor

    Randall Bolivar, Pro Se
    Ellis Unit, TDCJ # 1719379
    1697 FM 980
    Huntsville, Texas 77343


RESPONDENT:

    Thirteenth Court of Appeals, Respondent

    Chief Staff Attorney, for Respondent
    Nueces County Courthouse
    901 Leopard St., 10th Floor
    Corpus Christi, Texas 78401

TABLE OF CONTENTS

Identity of Parties                                                          ii

Table of Contents                                                            iii

Index of Authorities                                                         iiii

Statement of Case                                                            1

Staement of Jurisdiction                                                     2

Issues Presented                                                            3

Statement of Facts                                                          3

Arguement and Authoritie                                                    4

Issue # 1                                                                    4
   Respondent court failed or refused to act in accordance with its ministeri∺
   ministerial duty to ensure Realtor was provided a complete Clerk's
Record on appeal, pursuant to RULE 34.5(a), TRAP, and order from the
   trial court.

Issue # 2                                                                    5
   Respondent failed or refused to act in accordance with its
   ministerial dutyyto have the trial court enter written findings of
   fact and conclusions of law regarding the contested voluntariness of
   Realtor's custodial statement to police, as required under ARTICLE 38.22
   § 6, CCP and WICKER V. STATE, 740 SW2d 779 (CCA 1987); or in the altern∺
   ative, order a new hearing on the motion to supress statement.

Issue # 3                                                                    6
   Respondent dismissed as moot a matter which is, apparent from the record
   record, still a live controversy and needed by Realtor for appellate
   briefing.

Summary of the Arguement                                                    7

Prayer for Relief                                                           7

Notice of Pro Se Litigants                                                  7

Certification of Service                                                    8

Verification by Affidavit                                                   8

Notice to Interested Parties                                                8

Appendix

STATUTES:

Article 38.22 § 6, CCP . . . . . . . . . . . . . . . . . . . .2, 3,,5
Rule 25.2, TRAP . . . . . . . . . . . . . . . . . . . . . . 4
Rule 33.1, TRAP . . . . . . . . . . . . . . . . . . . . . . 4
Rule 34.5, TRAP . . . . . . . . . . . . . . . . . . . .1, 3, 4
Rule 52, TRAP . . . . . . . . . . . . . . . . . . . . . . . 1

TEXAS CONSTITUTION:

ARTICLE 5, Section 5(c) . . . . . . . . . . . . 1, 2


CASE LAW:

AMADOR V. STATE, 221 SW3d 666, 676-77 (CCA 2007) . . . . . . . . . .4
BONHAM V. STATE, 644 SW2d 5,8 (CCA 1983). . . . . . . . . . . . 5
DAVIS V. STATE, 499 SW2d 303 (CCA 1973). . . . . . . . . . 5, 6
DEMOSS V. CRAIN, 636 F3d 145 (5TH CIR. 2011). . . . . . . . . 6
DYKES V. STATE, 649 SW2d 633,636 (CCA 1983). . . . . . . . . . 5
FIGUEROA V. STATE, 473 SW2d 202 (CCA 1971). . . . . . . . . . 6
GREEN V. STATE, 906 SW2d 937 (CCA 1995). . . . . . . . . . . 5
HARRIS CO. APP.DIST.V.COASTAL LIQUIDS,L70SW3d,1839(Tx.App.Houston1999). .4
IN RE BENAVIDES, 403 SW3d 370 (Tx. App. San Antonio 2013). . . . . . 6
IN RE COLONIAL PIPELINE CO., 968 SW2d 938 (TEX. 1998). . . . . . 2
JACKSON V. DENNO, 378 U.S. at 391, 84 S.Ct. at 1788 (1964). . . . . 5
JOHNSN V. QUARTERMAN, 595 F.Supp2d7735 (S.D. Texas 2009). . . . . .7
MANNING V. ENBRIDGE PIPELINES, 345 SW3d 718 (Tx.App. Beaumont 2011). . 6
McKITTRICK V. STATE, 535 SW2d 873,876 (CCA 1976). . . . . . . 5, 6
MENDEZ V. STATE, 135 SW3d 334(CCA 2004). . . . . . . . . . .7
NAVISTAR V. VALLES, 740 SW2d 4 (Tx.App. ElPaso 1987). . . . . . 4, 6
NEVEU V. CULVER, 105 SW3d 641, 642 (CCA 2003). . . . . . . . 2
RANGRA V. BROWN, 566 F3d 515 (5TH CIR. 2009). . . . . . . . .6
STATE V. DUNBAR, 297 SW3d 777, 780 (CCA 2009). . . . . . . . 4
STATE EX REL. HILLVV. FIFTH COURT OF APPEALS, 34 SW3d 924, 927 (CCA 2001)....2
STATE EX REL. ROSENTHAL V. POE, 98 SW3d 194, 198 (CCA 2003). . . . 2
STATE EX REL. WILSON V. BRIGGS, 171 TEX.CRIM.479, 351 SW2d 892 (1961).. . . .2
U.S. V. BANKS, 624 F3d 261 (5TH CIR. 2010). . . . . . . . . 6
U.S. V. ROBINSON, 78 F3d 172 (5TH CIR. 1996). . . . . . . . .7
UTPA V. DE LOS SANTOS, 997 SW2d 817 (Tx.App. Corpus Christi 1999)............4
VANCE V. HATTEN, 508 SW2d 625 (CCA 1974). . . . . . . . . . 2
WICKER V. STATE, 740 SW2d 779 (CCA1987). . . . . . . . 2, 3, 5
WHITEHEAD V. STATE, 130 SW3d 866 (CCA 2004). . . . . . . . . 4

CAUSE NO. _____

IN THE TEXAS

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

IN RE RANDALL BOLIVAR,
REALTOR

VS.

THIRTEENTH COURT OF APPEALS,
RESPONDENT

---

APPELLATE CAUSE NO. 13-14-00157-CR
FROM THE TIRTEENTH COURT OF APPEALS, EDINBURG, TEXAS

TRIAL COURT CAUSE NO. 09-CR-2869-A
FROM THE 107TH DISTRICT COURT, CAMERON COUNTY, TEXAS

---

PETITION FOR WRIT OF MANDAMUS
AND
EMERGENCY STAY OF APPELLATE PROCEEDINGS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Randall Bolivar, Realtor pro se, in the above-styled and numbered cause of action and respectfully files this Petition For Writ of Mandamus and Emergency Stay of Appellate Proceedings, pursuant to RULE 52 of the Texas Rules of Appellate Procedure (TRAP); ARTICLE 5, SECTION 5(c) of the TEXAS CONSTITUTION; and mandates of this Honorable Court.

Realtor humbly requests this Honorable Court grant this petition and stay the appellate proceedings from which this matter arises. In support, Realtor respectfully shows the Court as follows:

STATEMENT OF THE CASE

Realtor seeks relief from Respondent's Denial of Appellant's Second Motion to Abate The Appeal- Supplementation of the Clerk's Record as Ordered by the Trial Court, in which Realtor sought to have the trial court's clerk provide the Realtor with a complete copy of the entire Clerk's Record pursuant to an order by the trial court and RULE 34.5 (a), TRAP.

(1/8)

Additionally, Realtor seeks relief from Respondent's Dismissal as Moot of Realtor's Appellant's Third Motion to Abate the Appeal- Required Written Findings of Fact and Conclusions of Law, in which Realtor sought to have the trial court provide written findings of fact and conclusions of law regarding the contested voluntariness of his custodial statement to police, pursuant to the mandatory language of ARTICLE 38.22 §6, TEXAS CODE OF CRIMINAL PROCEDURES (CCP), and WICKER V. STATE, 740 SW2d 779 (CCA 1987).

Respondent is the Court of Appellate jurisdiction for the Thirteenth District of Texas which sits in Corpus Christi-Edinburg, Texas.

Realtor filed the two motions, via certified mail no. 7014 0510 0001 2015 1556, and Respondent denied the Second Motion To Abate, while dismissing as moot the Third Motion To Abate, on April 29, 2015. No written order or opinion were entered by the Respondent. The Appellate Brief is currently due to be filed on or before May 14, 2015. Hence, Realtor seeks a stay of appellate proceedings.

## STATEMENT OF JURISDICTION

In pertinent parts, ARTICLE 5, SECTION 5(c) of the TEXAS CONSTITUTION states:

"...the Court of Criminal Appeals, and the Judges thereof shall have the power to issue the Writ of Habeas Corpus, and in Criminal matters, the Writs of Mandamus..."

"The Court and the Judges thereof shall have the power to issue such other Writs as may be necessary to protect its jurisdiction or enforce its judgments."

The Court of Criminal Appeals is court of last resort in Criminal matters and no other Texas court has authority to overrule or circumvent decisions, or disobey mandates. STATE EX REL. WILSON V. BRIGGS, 171 Tex. Crim. 479; 351 SW2d 892 (1961); VANCE V. HATTEN, 508 SW2d 625 (CCA 1974).

The CCA has jurisdiction in a matter where a Defendant has no "adequate appellate remedy, and therefore [can] obtain mandamus relief from order." IN RE COLONIAL PIPELINE CO., 968 SW2d 938 (Tex. 1998).

An en banc Court wrote:

"Mandamus relief may be granted if the realtor can demonstrate that 1) the act sought to be compelled is purely ministerial and 2) that realtor has no other adequate legal remedy. STATE EX REL. ROSENTHAL V. POE, 98 SW3d 194, 198 (CCA 2003). The ministerial act requirement has been described: as a requirement that the realtor have 'a clear right to the relief sought' meaning that the relief sought must be 'clear and indisputable' such that it merits are 'beyond dispute' with 'nothing left to the exercise of discretion or judgment.'
Id., quoting STATE EX REL. HILL V. FIFTH COURT OF APPEALS, 34 SW3d 924, 927-28 (CCA 2001)." NEVEU V. CULVER, 105 SW3d 641, 642 (CCA 2003)(EN BANC).

Under the facts and circumstances in this case, this matter is properly

before this Honorable Court, as Realtor has no other adequate appellate remedy.

## ISSUES PRESENTED

1. Respondent court failed or refused to act in accordance with its ministerial duty to ensure Realtor was provided a complete Clerk's Record on appeal, pursuant to RULE 34.5(a), TRAP, and order from the trial court.

2. Respondent failed or refused to act in accordance with its ministerial duty to have the trial court enter written findings of fact and conclusions of law regarding the contested voluntariness of Realtor's custodial statement to police, as required under ARTICLE 38.22 § 6, CCP and WICKER V. STATE, 740 SW2d 779 (CCA 1987); or in the alternative, order a new hearing on the motion to suppress statement.

3. Respondent dismissed as moot a matter which is, apparent from the record, still a live controversy and needed by Realtor for appellate briefing.

## STATEMENT OF FACTS

CLERK'S RECORD:

1. Clerk's Record was filed in the appellate court on or about May 27, 2014, consisting of one volume of 130 pages.

2. After abatement, and remand, the trial court ordered the District Clerk to supplement the record, to include all filings (Supp.RR:pp.19and22), and provide Realtor with the same.

3. Clerk filed a Supplemental Clerk's Record on or about March 18, 2015; however, it was filed under the wrong cause number,(filed in 13-15-00157-CR), consisting of 288 pages.

4. Realtor filed his Appellant's Second Motion To Abate The Appeal- Supplementation of The Clerk's Record as Ordered by The Trial Court, via certified mail no. 7014 0510 0001 2015 1556.

5. Realtor filed his Appellant's Notice of Advisory and Affidavit in Support Thereof, via certified mail no. 7014 0510 0001 2015 1525, notifying Respondent, Trial Judge, and opposing counsel for the State of the failure or refusal to provide Realtor with the complete Clerk's Record as ordered.

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. Realtor filed a Motion To Suppress The Statement of the Accused((CR-1:p.12), and a hearing was held on December 2, 2010. (RR-8).

2. Realtor attacked the voluntariness of his statement. (RR-8:p.27).

3. Realtor filed a Post-trial Motion Requesting Findings of Fact and Conclusions of Law. (Supp.CR-1:pp. 103 and 125— however, a page filed is missing from the record as filed).

4. Realtor initially refused to give a statement and indicated on his Miranda Rights Form, that he wanted his attorney present. (RR-8:p.56;RR-28:SX 1).

5. Realtor testified that even after he refused to give a statement and request counsel, that detectives continously prompted him to speak with them and give a formal statement; which he subsequently did out of fear of repercussions to be felt by his friends whom were arrested with him. (RR-8:pp.43-46).

6. Realtor filed, pro se, Appellant's Third Motion To Abate The Appeal- Required Written Findings of Fact and Conclusions of Law, via certified mail no. 7014 0510 0001 2015 1556, in the appellate court.

(3/8)

On April 29, 2015 Respondent DENIED Appellant's Second Motion To Abate, and DISMISSED AS MOOT Appellant's Third Motion To Abate.

## ARGUMENT AND AUTHORITIES

Statutory provisions are mandatory and exclusive, and must be complied with in al respects. UTPA V. DE LOS SANTOS, 997 SW2d 817 (Tex. App. CORPUS CHRISTI 1999); HARRIS CO. APPRAISAL DIST. V. COASTAL LIQUIDS TRANS., L.P., 7 SW3d 183 (Tex. App. Houston [1st Dist.] 1999). Additionally, "A [court] is presumed to have acted within [it's] discretion unless the record discloses to the contary. It must be a clear abuse of discretion apparent from the record." NAVISTAR V. VALLES, 740 SW2d 4 (Tex. App. El Paso 1987).

**ISSUES#1:** Respondent court failed or refused to act in accordance with its ministerial duty to ensure Realtor was provided a complete Clerk's Record on appeal, pursuant to RULE 34.5(a), TRAP, and order from the trial court.

As filed, or as provided to the Realtor, the Clerk's Record is devoid of numerous filings by both parties and orders of the trial court. Realtor requires the entire record in order to review and appeal "those matters that were raised by written motion filed and ruled on before trial." RULE 25.2 (a)(2)(A), TRAP. This is a prerequisite to presenting a complaint for appellate review. TRAP RULE 33.1(a). In STATE V. DUNBAR, the Court stated:

"Rule 33.1 provides that as a prerequisite tp presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a specific and timely request, objection, or motion." 297 SW3d 777, 780 (CCA 2009).

Indeed, under RULE 34.5(a), TRAP, "the record must include" the motions and orders Realtor is requesting be supplemented, and provided to him, under RULES 34.5(a)(2) and (5). Realtor made a verbal request to the trial court, which was granted, and submitted written designations in accordance with RULE 34.5(c). The Texas Court of Criminal Appeals (CCA) has previously written:

"As we stated in WHITEHEAD V. STATE, [130 SW3d 866 (CCA2004)], 'the record may be supplemented under appellate rules if something has been omitted,... It ensures that the record on appeal accurately reflects all of the evidence that was seen by, used by, or considered by trial judge at the time he made a ruling... If the parties have a dispute over what items are missing from the appellate record, or they dispute the accuracy or completeness of those items, the trial court will resolve that dispute." AMADOR V. STATE, 221 SW3d 666, 676-77 (CCA 2007).

In the instant case, Realtor has disputed the completeness of the record, and opposing counsel for the State argued the record was lacking documentation. (see State's Brief, p.18; filed in COA Cause No. 13-14-00157-CR). Additionally, Realtor intends on raising issues which will have to be reviewed by Respondent under a de novo standard of review. As such, Respondent would be forced to abate

(4/8)

the appeal and order the supplementation  if those matters are not in the record filed. Regardless if they werer filed in the appellate court, Realtor has not received the complete record and cannot proceed to prosecute his appeal with vigor and lawful tenacity without a complete Clerk's Record to document the dozens of motions filed by parties, trial court's adjudication of motions, and other matters as necessary. Under either theory, the Realtor is suffering from undue delay by the Respondent, and possibly inviting further error.

**ISSUE #2:** Respondent failed or refused to act in accordance with its ministerial duty to have the trial court enter written findings of fact and conclusions of law regarding the contested voluntariness of Realtor's custodial statement to police, as required under ARTICLE 38.22 § 6, CCP and WICKER V. STATE, 740 SW2d 779 (CCA 1987); or in the alternative, order a new hearing on the motion to supress statement.

It is "apparent from the record" that Respondent failed or refused to act as required by law. Pursuant to WICKER V. STATE, supra, and its progeny, Realtor is entitled to have the Respondent abate the appeal and order the trial court to produce written findings of fact and conclusions of law regarding the motion to suppress, nor abate the appeal and order a new hearing on the motion to supress. In WICKER V. STATE, the Court solidified its position on the requirement of written findings by the trial court:

> "Indeed, we reiterate our prior holdings to the effect that ARTICLE 38.22 § 6, supra, is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law regarding the voluntariness of a confession whether or not the defendant objects to the absence of such omitted filing. McKITTRICK V. STATE, supra, at 876; DYKES V. STATE, 649 SW2d 633, 636 (CCA 1983). The procedure used in the trial court to determine the voluntariness of a defendant's confession must 'be fully adequate to insure reliable and clear-cut determination of the voluntariness of the confession, including the resolution of the disputed facts upon which the voluntariness may depend.' JACKSON V. DENNO, 378 U.S. at 391, 84 S.Ct. at 1788, 12 L.Ed.2d at 924 (1964)."

A few years later in GREEN V. STATE, this Honorable Court once again expressed its command to Texas trial and intermediate appellate courts on this matter:

> "When ruling on the admissability of a defendant's statements, the trial court must 'enter an order stating its conclusions as to whether or not the statement was voluntarily made, along with specific findings of fact upon which the conclusion was based, which order shall be filed among the papers of the cause.' Tex.Code Crim. Proc. Ann. art. 38.22, § 6. This Court has held that '[t]he requirements of Article 38.22,... are mandatory and require the trial court to file its findings regardless of whether the defendant does or does not object.' BONHAM V. STATE, 644 SW2d 5,8 (CCA 1983) (citing McKITTRICK V. STATE, 535 SW2d 873 (CCA 1976); DAVIS V. STATE, 499 SW2d 303 (CCA 1973))." 906 SW2d 937 (CCA 1995).

The proper action, or remedy, for Respondent to have taken, as **conceded by the State** (Supp.RR-1:p.11; State's Brief, p.22 n. 2), is for the appeal to be

abated to enter written findings. When, like in this case, "no findings are made to support the ruling of the trial court on the voluntariness issue, as in FIGUEROA V. STATE, 473 SW2d 202 (CCA 1971); DAVIS V. STATE, 499 SW2d 303 (CCA 1973) (opinion on original submission); McKITTRICK V. STATE, supra, **the duty of the appellate court is clear.** The proepr procedure is that the appeal be abated and the trial judge will be directed to reduce to writing his findings on the disputed issues surrounding the taking of appellant's confession." GREEN at ≈784≈

Furthermore, absent written findings, Realtor is unable to properly cite the brief or contest the findings of fact and conclusions of law reached.

Additionally, a matter of significant importance is the fact that the State has stipulated to the proper action and remedy. (Supp.RR-1:p. 11; State's Brief p.22 n. 2). A stipulation constitutes a judicial admission, and is conclusive on the issue adressed, which estops the parties from claiming to the contrary. MANNING V. ENBRIDGE PIPELINES L.P., 345 SW3d 718 Tex. App. Beaumont 2011). An evidentiary stipulation such as this one is binding on both parties. U.S. V. BANKS, 624 F3d 261 (5TH CIR. 2010).

Clearly the record shows Respondent acted arbitarily and in an unreasonable manner "that is without consideration and in disregard of facts and circumstances of the case," NAVISTAR, supra, at 6, when it disregarded the concession by the State, and Realtor's requests and entitlement to written findings of fact and conclusions of law, supported by Inmate's Declaration and the record. As such, the Respondents failure or refusal to require the trial court to produce, and provide to Realtor, written findings, as well as give no written opinion on said dismissal as moot, is "without reference to any guiding rules and principles." IN RE BENAVIDES, 403 SW3d 370 (Tex. APP. SAN ANTONIO 2013).

**ISSUE #3:** Respondent dismissed as moot a matter which is, apparent from the record, still a live controversy and needed by Realtor for appellate briefing.

A claim is moot when the parties are no longer adverse parties with sufficient legal interests to maintain the litigation. DEMOSS V. CRAIN, 636 F3d 145 (5TH CIR. 2011). Conversely, a case is not moot as long as a live controversy exists between atleast one plaintiff and one defendant. RANGRA V. BROWN, 566 F3d 515 (5TH CIR. 2009).

Herein, Realtor has an ongoing and live controversy with the State in the Respondent's forum. Realtor can not possibily hope to effectively prosecute his claim(s) in the appellate court without the ministerial duty complained of being executed. Abatement of the appeal by Respondent would serve to promote justice, avoid further prejudice to Realtor, and promote judicial economy.

(6/8)

## SUMMARY OF THE ARGUMENT

The acts complained of were ministerial as imposed by the exclusive and mandatory provisions of the statutes, and binding precedent setforth by this Honorable Court. Respondent abused its discretion in acting clearly contary to well-settled law, whether that law is derived from statute, rule, or opinion of the Court. The duty to be performed was a "systemic requirement," MENDEZ V. STATE, 138 SW3d 334 (CCA 2004), and spelled-out with such certainty that nothing was left to exercise discretion.

Respondent's action was a clear and prejudicial error of law where no adequate remedy at law exists.

These exigent circumstances; due to the importance of the issues raised, the limited time before the brief is due, the further irreparable harm to Realtor from the underlying wrongful conviction, and certainty that the Respondent was in error; dictate that a stay of all appellate proceedings be required.

## PRAYER FOR RELIEF

Wherefore, premises considered, Realtor prays this Honorable Court will GRANT the Petition For Writ of Mandamus, directing Respondent to:

1. Ensure the Realtor is provided a complete copy of the Clerk's Record;

2. Ensure the trial court produce and provide written findings of fact and conclusions of law on the motion to supress the statement to the Realtor, or hold a new hearing on the motion to supress the statement and reduce to writing its findings; and

3. STAY the appellate proceedings until the above-noted actions are taken Respondent, wherein the appellate time-table will restart anew.

Respectfully Submitted,

Randall Bolivar, Pro Se
Realtor
Ellis Unit, TDCJ # 1719379
1697 FM 980
Huntsville, Texas 77343

## NOTICE OF PRO SE LITIGANTS

Courts construe pleadings filed by pro se litigants under a less stringent standard then those drafted by attorneys; thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. JOHNSON V. QUARTERMAN, 595 F.Supp.2d 735 (S.D.Tex. 2009). Pro se pleadings **must** be treated liberally as seeking proper remedy. U.S. V. ROBINSON, 78F.F3d 172 (5TH CIR. 1996).

(7/8)

## CERTIFICATE OF SERVICE

I, Maria S. Rey, certify that a true and correct copy of the above and fore-going documents were served on opposing counsel for the State at:

Cameron County District Attorney's Office

964 E. Harrison St.

Brownsville, Texas 78520

Chief Staff Attorney

901 Leopard St., 10TH Flr.

Corpus Christi, Texas 78401

Service upon counsel was made by fax, First Class Mail, or hand-delivery.

SIGNED AND SERVED ON THIS _U_ DAY OF _MAY_ , 2015.

Maria S. Rey

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF WALKER | § |

### REALTOR'S AFFIDAVIT IN SUPPORT

I, Randall Bolivar, being presently incarcerated within TDCJ-CID, O.B. Ellis Unit, located in Walker County, Texas, declare under penalty of perjury, without the United States, that the facts stated in the above and foregoing petition for writ of mandamus are true, correct and complete pursuant to Title 28 USC § 1746 (1).

EXECUTED ON MAY 5, 2015.

Randall Bolivar, Affiant

### NOTICE TO INTERESTED PARTIES

All concerned and interested parties have ten (10) days to rebut this Affidavit under penalty of perjury, and sworn oath by Notary Public, point-for-point, and to transmit said rebuttal to Affiant USPS Cert. Mail with Return Receipt Requested, signed and dated by affiant within ten (10) days of receipt by party.

STATE OF TEXAS      §

                    §

COUNTY OF WALKER §


REALTOR'S AFFIDAVIT OF CERTIFICATION OF DOCUMENTS

I, Randall Bolivar, being presently incarcerated within TDCJ-CID, O.B. ELLIS
UINT, located in Walker County, TExas, declare under penalty of perjury, with-
out the UNITED STATES, that the attached two documents sent from the Thirteenth
COurt of Appeals are the original copies sent to Realtor. Additionally, ther
facts stated herewith are true, correct and complete pursuant to Title 28
USC 1746 (1).

EXECUTED ON May 5, 2015.

_____
Randall Bolivar, Affiant

NOTICE TO INTERESTED PARTIES

All concerned and interested parties have ten days to rebut this Affidavit
under penalty of perjury, and sworn oath by Notary Public, and transmit said
rebuttal to Affiant Cert. MAil, RRR, signed by affiant and dated within ten
days of reciept.

CHIEF JUSTICE
ROGELIO VALDEZ

JUSTICES
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

CLERK
DORIAN E. RAMIREZ



## Court of Appeals

### Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

www.txcourts.gov/13thcoa

April 29, 2015

Mr. Randall Bolivar #1719379
Ellis Unit
1697 FM 980
Huntsville, TX 77343

Hon. Luis V. Saenz
District Attorney
964 E. Harrison
Brownsville, TX 78520-7123
* DELIVERED VIA E-MAIL *

Hon. Rene B. Gonzalez
Assistant District Attorney
964 E. Harrison Street, 4th Floor
Brownsville, TX 78520
* DELIVERED VIA E-MAIL *

Re:      Cause No. 13-14-00157-CR
Tr.Ct.No. 2009-CR-2869-A
Style:    Randall Bolivar v. The State of Texas

Pro Se's third motion to abate the appeal – required written findings of fact and conclusions of law in the above cause was this day DISMISSED AS MOOT by this Court.

Very truly yours,

Dorian E. Ramirez, Clerk

DER:mrq

CHIEF JUSTICE
 RQGELIO VALDEZ

JUSTICES
 NELDA V. RODRIGUEZ
 DORI CONTRERAS GARZA
 GINA M. BENAVIDES
 GREGORY T. PERKES
 NORA L. LONGORIA

CLERK
 DORIAN E. RAMIREZ



# Court of Appeals

## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

www.txcourts.gov/13thcoa

April 29, 2015

Mr. Randall Bolivar #1719379
Ellis Unit
1697 FM 980
Huntsville, TX 77343

Hon. Luis V. Saenz
District Attorney
964 E. Harrison
Brownsville, TX 78520-7123
* DELIVERED VIA E-MAIL *

Hon. Rene B. Gonzalez
Assistant District Attorney
964 E. Harrison Street, 4th Floor
Brownsville, TX 78520
* DELIVERED VIA E-MAIL *

Re:      Cause No. 13-14-00157-CR
Tr.Ct.No. 2009-CR-2869-A
Style:   Randall Bolivar v. The State of Texas

     Pro Se's motion to abate appeal – supplementation of the clerk's record as ordered by the trial court in the above cause was this day DENIED by this Court.

Very truly yours,

Dorian E. Ramirez, Clerk

DER:mrq